# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

YIORKIS PINEDA LAURENCIO,    )    3:18-cv-00413-RCJ-WGC
                             )
    Plaintiff,               )    **ORDER**
                             )
    vs.                      )    Re: ECF Nos. 3, 4
                             )
SCOTT L. COFFEE, *et al.*,   )
                             )
    Defendants.              )
_____)

Plaintiff, who is incarcerated within the Nevada Department of Corrections (NDOC), and housed at Ely State Prison (ESP), has filed an application to proceed in forma pauperis (IFP) (ECF No. 4) and amended complaint under 42 U.S.C. § 1983 (ECF No. 3).

Plaintiff's amended complaint states that he was diagnosed with mental retardation. He alleges that his underlying State criminal case, 08C247198, was sealed, and because of his condition he did not know what this meant. He claims that he was exploited by the court and unable to participate in the legal process. In his request for relief he asks for damages and the immediate release from prison in connection with his criminal case.

The Supreme Court has held that a prisoner in state custody cannot use a section 1983 action to challenge the "fact of or duration of his confinement," but instead must seek federal habeas corpus relief or appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a section 1983 action). In *Wilkinson*, the Supreme Court held that a state prisoner's § 1983 action is barred (absent prior invalidation of the conviction)—no matter the relief

sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81-82.

Since Plaintiff's goal in this case is immediate release from prison, his action is more appropriately brought as a habeas petition.

### **CONCLUSION**

Plaintiff's IFP application is **DENIED** and the Amended Complaint **DISMISSED WITHOUT PREJUDICE**. The Clerk shall **SEND** Plaintiff a copy of the in forma pauperis application form for a prisoner, one copy of the instructions for the same, as well as a copy of a blank 28 U.S.C. § 2254 habeas corpus form complaint and the instructions for the same. Plaintiff may file a habeas corpus petition and an in forma pauperis application in a new action, but he may not file any further documents in this action.

**IT IS SO ORDERED**.

DATED: February 15, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE